SIDNEY MANDELL, Respondent, v. FRANK MOSES, as President of the ESSEX COUNTY SHEEP BREEDERS' ASSOCIATION, and Others, Appellants, Impleaded with CHARLES E. CRAIG and Others, Defendants.

Third Department, March 7, 1923.

Principal and agent — action by assignee to recover from voluntary association and members thereof money advanced by agent — plaintiff's assignor agreed to sell wool at best market price and to make certain advancements prior to sale — complaint insufficient which does not allege that wool was sold pursuant to contract or for best market price — plaintiff not required to elect whether he would proceed against president of association or against individual members — Civil Practice Act, §§ 192, 211–213, applied.

In an action by an assignee of an agent against a voluntary association and the individual members thereof to recover the amount advanced by the agent in excess of receipts received for sales of wool which the agent had agreed to sell for the account of the association at the best market price, the complaint does not state facts sufficient to constitute a cause of action which does not contain an allegation that all the wool was sold pursuant to the terms of the contract or for the best market price, since the plaintiff must allege and prove that the provisions of the contract were complied with.

The plaintiff could not be compelled to elect whether he would proceed against the president of the association or against the individual defendants, since under sections 192, 211–213 of the Civil Practice Act, it is permissible to bring the action against both.

APPEAL by the defendants, Frank Moses and others, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Essex on the 2d day of December, 1922, denying their motion to dismiss the amended complaint on the ground that it does not state a cause of action, and also from an order of the Supreme Court, made at the Schenectady Special Term and entered in said clerk's office on the same day denying their motion to compel the plaintiff to

elect whether he would proceed against Frank Moses, as president of the Essex County Sheep Breeders' Association, and discontinue as to the other defendants or proceed against the individual defendants and discontinue as to Frank Moses, as president of said association.

*Andrew J. Nellis,* for the appellants.

*Frederick C. McLaughlin,* for the respondent.

KILEY, J.:

In May, 1919, John E. McMurtry & Co., plaintiff's assignor, of New York city, N. Y., entered into an agreement with the " Essex County Sheep Breeders' Association " of the State of New York, in and by which the association was to consign its clip of wool to the said John E. McMurtry & Co., " to be sold for their account at the best market price." McMurtry & Co. were to advance to the association, according to grade, from fifty cents down to thirty-five cents a pound, which amount was at no time to be more than eighty per cent of the value of the wools " at the time of taking up; " " and if the market declines at that time said advances are to be reduced to meet said market." The association further agreed to pay McMurtry & Co. six per cent commission; this was to include all charges for sacking, sale, etc., and there was to be a charge in favor of the brokers of six per cent on moneys advanced under certain conditions. There came a time when the market value went down and McMurtry & Co. had paid $2,522.18 over the eighty per cent before sales were made. The association did not refund; the claim was assigned to plaintiff and this action was brought. The defendants moved, *first,* to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The contract contains the provision, and the complaint so alleges, that the wool was " to be sold for their account at the best market price." The wool was sold in different quantities and at different times. The first portion of said consignment was sold previous to March 26, 1920; the only allegation in the complaint is that it was sold " pursuant to said contract." The allegation as to the sale of the balance is as follows: " That between the 26th day of March, 1920, and the 1st day of May, 1921, John E. McMurtry & Co. sold the balance of said wool." This allegation is not followed with the further allegation that the sale was pursuant to the terms of said contract or for the best market price. The defendants urge, and I think properly, that, by this complaint, the burden of proof is cast upon them to show that said wool was not sold for the best market price. The plaintiff must allege and prove that the provisions

of the contract were complied with on the part of John E. McMurtry & Co. as part of his case. It is a condition precedent. In this regard the motion should have been granted. The second motion was to the effect that plaintiff be compelled to elect whether he would continue the action against the defendant alleged to be the president of said Wool Breeders' Association and discontinue as to the other defendants, or continue as to the other defendants, and discontinue as to the alleged president. The motion is grounded on the provisions of sections 1919 to 1924, inclusive, of the Code of Civil Procedure. This action is brought under the provisions of the Code of Civil Procedure, but the motion is made under the Civil Practice Act, which does not contain the provisions to which reference is above made. They have been preserved, however, in sections 12 to 17, inclusive, of the General Associations Law (as added by Laws of 1920, chap. 915, renaming Joint-Stock Association Law). The provisions are permissive in effect. (See section 17 of said General Associations Law.) Outside of the provisions above referred to, it appears that the moneys paid by John E. McMurtry & Co. to the Sheep Breeders' Association had been distributed among its members, and that some of the wool was furnished by non-members of the association. Sections 192, 211, 212 and 213 of the Civil Practice Act are applicable to the question here. (See Civ. Prac. Act, § 1569.) The second motion was properly denied.

The order denying defendants' motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, should be reversed, without costs, and plaintiff be given twenty days to serve an amended complaint after service of said order of reversal.

The order denying the defendants' motion to compel plaintiff to elect, etc., made on the 26th day of September, 1922, should be affirmed, without costs.

H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Order denying defendants' motion to compel the plaintiff to elect whether he shall proceed against the defendant Moses, as president, and discontinue as to the other defendants affirmed, without costs.

Order denying defendants' motion to dismiss complaint upon the ground that it does not state facts sufficient to constitute a cause of action, reversed, without costs, and motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of a copy of order of this court.